UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Christopher Chin,<br>On Behalf of Himself And<br>All Others Similarly Situated,<br><br>            Plaintiff,<br>    v.<br><br>The Tile Shop, LLC,<br><br>            Defendant. | Court File No.  13-CV-02969<br><br><br><br>**ANSWER AND DEFENSES** |

Defendant The Tile Shop, LLC, ("Defendant"), by and through its undersigned counsel, responds to the allegations contained in Plaintiff's Complaint ("Complaint") filed by Plaintiff Christopher Chin ("Plaintiff") as follows: Except as hereinafter admitted, qualified, or otherwise answered, Defendant denies each and every matter, thing, and allegation in the Complaint.

**PLAINTIFF'S PRELIMINARY STATEMENT**

1.     Defendant admits that it is headquartered in Plymouth, Minnesota. Defendant's website speaks for itself.

2.     Defendant admits that Plaintiff worked for The Tile Shop in Sterling, Virginia and that Plaintiff is a former Sales Associate and Assistant Store Manager. Defendant denies the remaining allegations in paragraph 2 of the Complaint.  To the extent Paragraph 2 sets forth legal conclusions, Defendant states that no response is required, and further holds Plaintiff to his strict burden of proof with respect to his allegations and legal conclusions.

3. Defendant states that Paragraph 3 of the Complaint sets forth legal conclusions, to which no response is required. Defendant further holds Plaintiff to his strict burden of proof with respect to his allegations and legal conclusions. Defendant further denies that Plaintiff is entitled to conditional or final certification as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

## PARTIES

4. Defendant admits that Plaintiff was employed as a Sales Associate and then as an Assistant Store Manager at a Tile Shop location in Sterling, Virginia from approximately February 15, 2013 to August 15, 2013. Regarding the allegation in Paragraph 4 of the Complaint that Plaintiff has consented in writing to be part of this action, Defendant states that Plaintiff's Consent Form is a document that speaks for itself. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4 of the Complaint and holds Plaintiff to his strict burden of proof with respect to his allegations and legal conclusions.

5. Defendant admits it is a Delaware Limited Liability Company with its principal place of business located in Plymouth, Minnesota. Defendant admits that it conducts business in this judicial District and other states. Defendant admits that it maintains a registered agent at C T Corporation System Inc., 100 S. Fifth St., Suite 1075, Minneapolis, MN 55441. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 of the Complaint and holds Plaintiff to his strict burden of proof with respect to his allegations and legal conclusions.

## JURISDICTION AND VENUE

6. Defendant admits that Plaintiff's Complaint purports to bring claims under 29 U.S.C. 216(b) of the FLSA, but denies any wrongdoing and, specifically, denies that Plaintiff is entitled to any recovery whatsoever.

7. Paragraph 7 states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits it conducts business within this District.

8. Paragraph 8 states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits it has offices, is headquartered, and conducts business within this District.

## PLAINTIFF'S COLLECTIVE ACTION ALLEGATIONS

9. Defendant admits that Plaintiff purports to bring a collective action pursuant to 29 U.S.C. § 216(b). To that end, Defendant denies that Plaintiff is entitled to conditional or final certification as a collective action and denies each and every allegation in Paragraph 9 of the Complaint.

10. Defendant admits that Plaintiff purports to bring a collective action. To that end, Defendant denies that Plaintiff is entitled to conditional or final certification as a collective action and denies each and every allegation in Paragraph 10 of the Complaint.

11. Paragraph 11 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to conditional or final certification as a collective action and denies each and every characterization and allegation in Paragraph 11 of the Complaint.

## PLAINTIFF'S STATEMENT OF FACTS

12.     Defendant admits the allegations in Paragraph 12 of the Complaint.

13.     Defendant admits it posted a job posting for a Sales Associate/Manager Trainee position on its website and states that this posting speaks for itself.

14.     Defendant admits it posted a job posting for Sales Associate/Manager Trainee position on its website and states that this posting speaks for itself.

15.     Defendant admits that prior to 2012, it paid Sales Associates and Assistant Store Managers a semi-monthly recoverable draw of $866.67. To the extent Plaintiff characterizes $866.67 as the sole income for a Tile Shop Sales Associate or Assistant Store Manager, Defendant denies the allegations in Paragraph 15 of the Complaint.

16.     Defendant admits that in 2012, The Tile Shop increased the semi-monthly recoverable draw paid to Sales Associates and Assistant Store Managers to $1,000. To the extent Plaintiff characterizes $1,000.00 as the sole income for a Tile Shop Sales Associate or Assistant Store Manager, Defendant denies the allegations in Paragraph 16 of the Complaint.

17.     Defendant admits that it tracked hours as self-reported by Plaintiff and other Sales Associates.  Defendant states that its bi-monthly check stubs are documents that speak for themselves.  Defendant denies each and every other allegation in Paragraph 17 of the Complaint.

18.      Defendant admits that Assistant Store Managers are paid a recoverable draw against commissions and are eligible for bonuses.

19.     Defendant denies the allegations in Paragraph 19 of the Complaint.

20. Defendant denies the allegations in Paragraph 20 of the Complaint.

21. Paragraph 21 sets forth legal conclusions to which no response is required. Defendant holds Plaintiff to his strict burden of proof with respect to his allegations and legal conclusions. To the extent a response is required, Defendant denies the allegations in Paragraph 21 of the Complaint.

22. Paragraph 22 sets forth legal conclusions to which no response is required. Defendant holds Plaintiff to his strict burden of proof with respect to his allegations and legal conclusions. To the extent a response is required, Defendant denies the allegations in Paragraph 22 of the Complaint.

23. Paragraph 23 sets forth legal conclusions to which no response is required. Defendant holds Plaintiff to his strict burden of proof with respect to his allegations and legal conclusions. To the extent a response is required, Defendant denies the allegations in Paragraph 23 of the Complaint.

24. Defendant denies the allegations in Paragraph 24 of the Complaint. To the extent Paragraph 24 sets forth legal conclusions, Defendant states that no response is required, and further holds Plaintiff to his strict burden of proof with respect to his allegations and legal conclusions.

25. Paragraph 25 sets forth legal conclusions to which no response is required. Defendant holds Plaintiff to his strict burden of proof with respect to his allegations and legal conclusions. To the extent a response is required, Defendant denies the allegations in Paragraph 25 of the Complaint.

26. Defendant denies the allegations in Paragraph 26 of the Complaint. Defendant affirmatively states that any and all job postings speak for themselves.

27. Defendant admits that Plaintiff complained about his compensation to Defendant. Defendant states that it lacks knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 27 of the Complaint, and therefore denies the same.

28. Paragraph 28 sets forth legal conclusions to which no response is required. Defendant holds Plaintiff to his strict burden of proof with respect to his allegations and legal conclusions. To the extent a response is required, Defendant denies the allegations in Paragraph 28 of the Complaint.

## COUNT I

29. Defendant denies the allegations in Paragraph 29 of the Complaint and incorporates by reference and adopts its responses to paragraphs 1 – 28 of the Complaint as if fully set forth herein.

30. Defendant admits that Plaintiff purports to bring a collective action pursuant to 29 U.S.C. § 216(b). To that end, Defendant denies that Plaintiff is entitled to conditional or final certification as a collective action and denies each and every characterization and allegation in Paragraph 30 of the Complaint.

31. Defendant admits that Plaintiff purports to bring a collective action pursuant to 29 U.S.C. § 216(b). To that end, Defendant denies that Plaintiff is entitled to conditional or final certification as a collective action and denies each and every

characterization and allegation in Paragraph 31 of the Complaint.  Plaintiff's Exhibit A is a document that speaks for itself.

      32.      Plaintiff's Exhibit B is a document that speaks for itself.

      33.      Paragraph 33 sets forth a legal conclusion to which no response is required.  Defendant holds Plaintiff to his strict burden of proof with respect to his allegations and legal conclusions.

      34.      Paragraph 34 sets forth a legal conclusion to which no response is required.  Defendant holds Plaintiff to his strict burden of proof with respect to his allegations and legal conclusions.

      35.      Paragraph 35 sets forth a legal conclusion to which no response is required.  Defendant holds Plaintiff to his strict burden of proof with respect to his allegations and legal conclusions.

      36.      Paragraph 36 sets forth a legal conclusion to which no response is required.  Defendant holds Plaintiff to his strict burden of proof with respect to his allegations and legal conclusions.   To the extent a response is required, Defendant admits that Plaintiff was an employee of the Defendant from approximately February 15, 2013 to August 15, 2013.

      37.      Paragraph 37 sets forth a legal conclusion to which no response is required.  Defendant holds Plaintiff to his strict burden of proof with respect to his allegations and legal conclusions.   To the extent a response is required, Defendant denies the allegations in Paragraph 37.

      38.      Defendant denies the allegations in Paragraph 38 of the Complaint.

39.     Paragraph 39 sets forth a legal conclusion to which no response is required. Defendant holds Plaintiff to his strict burden of proof with respect to his allegations and legal conclusions. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 39 of the Complaint.

40.     Paragraph 40 sets forth a legal conclusion to which no response is required. Defendant holds Plaintiff to his strict burden of proof with respect to his allegations and legal conclusions. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 40 of the Complaint.

41.     Paragraph 41 sets forth a legal conclusion to which no response is required. Defendant holds Plaintiff to his strict burden of proof with respect to his allegations and legal conclusions. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 41 of the Complaint.

42.     Paragraph 42 sets forth a legal conclusion to which no response is required. Defendant holds Plaintiff to his strict burden of proof with respect to his allegations and legal conclusions. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 42 of the Complaint.

## **COUNT II**

43.     Defendant denies the allegations in Paragraph 43 of the Complaint and incorporates by reference and adopts its responses to paragraphs 1 – 42 of the Complaint as if fully set forth herein.

44.     Defendant admits that Plaintiff purports to bring a collective action pursuant to 29 U.S.C. § 216(b). To that end, Defendant denies that Plaintiff is entitled to

conditional or final certification as a collective action and denies each and every characterization and allegation in Paragraph 44 of the Complaint.

45. Paragraph 45 sets forth a legal conclusion to which no response is required. Defendant holds Plaintiff to his strict burden of proof with respect to his allegations and legal conclusions.

46. Paragraph 46 sets forth a legal conclusion to which no response is required. Defendant holds Plaintiff to his strict burden of proof with respect to his allegations and legal conclusions. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 46 of the Complaint.

47. Paragraph 47 sets forth a legal conclusion to which no response is required. Defendant holds Plaintiff to his strict burden of proof with respect to his allegations and legal conclusions. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 47 of the Complaint.

48. Paragraph 48 sets forth a legal conclusion to which no response is required. Defendant holds Plaintiff to his strict burden of proof with respect to his allegations and legal conclusions.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 48 of the Complaint.

## PLAINTIFF'S PRAYER FOR RELIEF

49. Paragraph 49 contains Plaintiff's Prayer for Relief, to which no response is required.  Defendant holds Plaintiff to his strict burden of proof with respect to his allegations and legal conclusions. To the extent a response is required, Defendant denies that Plaintiff or anyone else is entitled to the relief requested in Plaintiff's Complaint or

any other type of relief whatsoever from Defendant. Defendant denies each and every allegation in subparagraphs (a) through (f).

## **DEFENSES**

1. Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

2. The claims of Plaintiff and any member of an alleged collective action are barred in whole or in part by the applicable statute of limitations, including, but not limited to 29 U.S.C. § 255.

3. Plaintiff is not entitled to conditional or final certification or to Court-facilitated notice under 29 U.S.C. § 216(b) because Plaintiff has not defined purported opt-ins clearly and objectively, and Plaintiff cannot adequately represent the interests of any alleged members of a collective action.

4. Plaintiff is not entitled to conditional or final certification or to Court-facilitated notice under 29 U.S.C. § 216(b) because there are not a sufficient number of members of the putative collective action class who desire to opt-in to Plaintiff's action, and because Plaintiff is not similarly situated to those he purports to represent.

5. Plaintiff is not entitled to conditional or final certification or to Court-facilitated notice under 29 U.S.C. § 216(b) because an individual analysis of Plaintiff's claims as well as the claims of any purported opt-in members of an alleged collective action is required, as well as an individual analysis of any of Defendant's defenses as they apply to Plaintiff and any alleged member of a collective action.

6.	The claims of Plaintiff and any alleged member of a collective action are barred in whole or in part by statutory exemptions, exclusions, exceptions, off-sets, or credits under the FLSA, including but not limited to the retail sales exemption (29 U.S.C. § 207(i)), the executive exemption, the administrative exemption and the combination exemption.

7.	The claims of Plaintiff and any member of an alleged collective action are barred in whole or in part, because they failed to satisfy jurisdictional, procedural, statutory, and/or administrative prerequisites prior to initiation of this action and in their prosecution of it.

8.	The claims of Plaintiff and any member of an alleged collective action are barred in whole or in part, because the time periods for which they are claiming entitlement to pay fall within the *de minimis* exception.

9.	The claims of Plaintiff and any member of an alleged collective action are barred in whole or in part to the extent Plaintiff or any alleged member of a collective action violated Defendant's policies, practices, and guidelines or knowingly worked in violation of direct orders of their supervisors.

10.	The claims of Plaintiff and any member of an alleged collective action are barred in whole or in part to the extent Defendant lacked actual or constructive knowledge of the hours worked due to inaccurate or misleading information regarding hours worked provided by Plaintiff or any member of an alleged collective action.

11.	The claims of Plaintiff and any members of an alleged collective action are barred in whole or in part by their own breaches of duty and/or breaches of contract.

12. Plaintiff and any member of an alleged collective action is not entitled to liquidated or additional damages or penalties under the FLSA because Defendant's classification of its Sales Associates and Assistant Store Managers as exempt was and continues to be in good faith and with reasonable grounds for believing that this classification was and is proper such that any misclassification by Defendant of its Sales Associates and Assistant Store Managers as exempt, which misclassification Defendant denies, was and is neither willful nor intentional.

13. The claims of Plaintiff and any members of an alleged collective action are barred in whole or in part because Defendant's actions were not malicious, egregious, in bad faith, or in willful or reckless indifference or disregard of any legal rights Plaintiff and/or any members of an alleged collective action may have.

14. The claims of Plaintiff and any members of an alleged collective action are barred in whole or in part because if this action proceeds as a collective or class action, Defendant would be deprived of its rights under the Seventh Amendment to the United States Constitution.

15. In the event that Plaintiff and/or any members of an alleged collective action are awarded relief in this action by virtue of being determined to be non-exempt, which Defendant specifically denies, Defendant is entitled to set off and recoup any and all compensation and benefits that it provided to Plaintiff and members of an alleged collective action.

16. If Plaintiff and/or any members of an alleged collective action are entitled to any recovery, which Defendant specifically denies, the amount of such recovery may

be offset by monies paid to them for hours they did not actually work and/or hours in which they were not entitled to payment.

17. Claims of the Plaintiff and any members of an alleged collective action are barred in whole or in part by the Portal-to-Portal Act of 1947, 29 U.S.C. § 259 because Defendant acted in good faith conformity with, and in reliance on, administrative regulations, orders, rulings, approvals, policies or interpretations, whether written or unwritten, of the Administrator of the Wage and Hour Division of the United States Department of Labor.

18. Plaintiff's claims are barred to the extent that Plaintiff, and any similarly situated employee, the existence of which is expressly denied, mis-performed their respective duties and failed to perform those duties which Defendant realistically expected each to perform.

19. As a separate and alternative and affirmative defense to Plaintiff's Complaint, Defendant alleges that the claims contained in the Complaint may be barred by any and all of the affirmative defenses contemplated by Rules 8(c) and 12(b) of the Federal Rules of Civil Procedure, which are incorporated herein.

20. Defendant reserves the right to supplement its Answer and Defenses with additional defenses that may become available or apparent during the course of investigation, preparation, or discovery, and to amend its Answer accordingly.

**WHEREFORE, Defendant prays for judgment as follows:**

1. Dismissal of Plaintiff's Complaint in its entirety and with prejudice and that judgment be entered in Defendant's favor on the Complaint in its entirety.

2. An award to Defendant including all costs and attorneys' fees incurred in defending this action, as available by law or in equity.

3. Such other and further relief as this Court deems just and equitable.


Dated:  12/4/2013                             *s/ Joseph M. Sokolowski*
                                                   Joseph M. Sokolowski  (#0178366)
                                                   Lindsay Sokolowski  (#0314705)
                                                   Pamela Abbate-Dattilo (#0389889)
                                                   **FREDRIKSON & BYRON, P.A.**
                                                   200 South Sixth Street, Suite 4000
                                                   Minneapolis, MN  55402-1425
                                                   Telephone:  612.492.7000

                                                   jsokolowski@fredlaw.com
                                                   lsokolowski@fredlaw.com
                                                   pabbatedattilo@fredlaw.com

                                                   ***Attorneys for Defendant***